Hawkins, J.,
delivered the opinion of the Court.
The defendant in error, instituted this suit against the plaintiff in error, in the Circuit Court of Jefferson County, to recover damages for maliciously and illegally arresting and imprisoning him, or causing the same to be done; and for illegally, maliciously and traitorously, *251 with force, threats and violence, ejecting him from his home, and driving him from his home into exile, and forcing him to leave his home, family and business for three years, or causing the same to be done; and for illegally and maliciously burning, or causing to be burned, his barn and various articles of personal property; by reason of which, he alleges he has sustained damages to the amount of fifteen thousand dollars.
A trial was had, which resulted in a verdict in favor of the plaintiff for $8,000 damages. The defendant moved for a new trial, which was refused, and a judgment rendered upon the verdict; to reverse which, they have prosecuted an appeal, in error, to this Court.
The first ground of error assigned in argument, is, that there is no evidence to support the verdict. Without a careful analysis of the testimony, which is set out in a bill of exceptions, it is sufficient answer to this objection, to say, it does not appear that all the evidence in the cause is set out in the bill of exceptions; consequently, we cannot ascertain whether the verdict was warranted by the proof, or not; neither can we see, that the Circuit Court erred in refusing a new trial for want of proof to sustain the verdict; and it has long been settled by this Court, that, in such cases, this Court will presume the verdict was warranted by the evidence, else the Circuit Judge would have set it aside and granted a new trial.
The second ground of error relied on, is, that the Court erred in permitting witnesses to state, they had seen the defendants mustering with the home guards.
The evidence contained in the record, tends to show, *252 that defendants belonged to an organization called “the Home Guards,” the object of which, among other things, was to arrest and imprison Union men, and upon certain contingencies which had transpired, to burn the houses and barns of Union men, and that the plaintiff was a Union man and opposed to the rebellion.
The Court instructed the jury, they might look to that fact as a circumstance, if the proofs should couple the defendants and the home guards with the burning of the barn; and in this view, we think the proof was clearly competent, from what does appear in the bill of exceptions; and to the instructions which his Honor did give the jury upon this subject, he might have added, “or with the arrest and imprisonment of plaintiff, or driving him from his home;” but his failure so to instruct, is certainly no error, of which the defendants can complain. .
The third and last ground of error assigned, is, that the Court erred in admitting testimony tending to show that a search had been made for the plaintiff, and that he had left and gone to the State of Kentucky.
To this objection, it is sufficient answer to say: One of the grounds of the action alleged in the declaration— one of the injuries complained of, is, that the defendants had, by threats and violence, maliciously and traitorously driven the plaintiff from his home into exile, and had forced him to abandon his home, family and business; or had procured the same to be done. This question was put directly in issue by the pleadings, and the proof was clearly competent.
The judgment must, therefore, be affirmed.